## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) ) ) | No. 8:16-cv-01622-MSS-AEP |
| | ) | Mag. Judge Anthony E. Porcelli |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) | |

## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiffs, Technology Training Associates, Inc. and Larry E. Schwanke, D.C., d/b/a Back To Basics Family Chiropractic (together "Plaintiffs"), on behalf of themselves and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully request, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached as Exhibit 1, certifying the Settlement Class, appointing Plaintiffs as the class representatives and their attorneys as class counsel, (2) approving the form of Class Notice attached as Exhibit B to the Agreement and its dissemination to the Settlement Class by U.S. mail, website, and by publication, and (3) setting dates for opt-outs, objections,

and a fairness hearing.

The Agreement was negotiated through two full-day mediation sessions before mediator Peter Grilli and it provides substantial relief to members of the Settlement Class, as described more fully in the accompanying Brief and the Agreement itself. The Agreement provides, *inter alia*, for a Settlement Fund of up to $19.5 million dollars; payments of between $350 to $565 to Settlement Class members who submit Claims (to be reduced *pro rata* if and only if the Settlement Fund (after payment of fees and incentive awards) is insufficient to fully pay the valid submitted Claims); Defendant's agreement not to send any further unsolicited facsimile advertisements in violation of the TCPA; and potential awards of attorneys' fees, expenses, and incentive awards to the named Plaintiffs. Notice is to be by U. S. mail to those class members for whom mailing addresses can be determined, and by publication. The Settlement Agreement provides for a release of claims as set forth therein.

A proposed Preliminary Approval Order is attached as <u>Exhibit 2</u> and will be submitted to the Court electronically as directed. This motion is unopposed.

Plaintiffs have filed a brief in support of this motion.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES,
INC. and LARRY E. SCHWANKE, D.C. d/b/a
BACK TO BASICS FAMILY CHIROPRACTIC,
individually and as the representative of a class
of similarly-situated persons

By:  /s/ Phillip A. Bock

Phillip A. Bock
Florida Bar Identification Number 0093895
Daniel J. Cohen (pro hac vice)
Jonathan B. Piper (pro hac vice)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) ) ) ) | No. 8:16-cv-01622-MSS-AEP<br><br>Mag. Judge Anthony E. Porcelli |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) | |

BRIEF IN SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND NOTICE TO THE CLASS

Plaintiffs, Technology Training Associates, Inc. and Larry E. Schwanke, D.C., d/b/a Back To Basics Family Chiropractic (together "Plaintiffs"), on behalf of themselves and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), state as follows in support of their request that the Court preliminarily approve the parties' proposed class action settlement (Exhibit 1).

## I.   Background of the litigation and settlement discussions.

This case arises out of faxed advertisements for Tampa Bay Buccaneers tickets allegedly sent by or on behalf of defendant Buccaneers Limited Partnership ("BLP" or "Defendant") in 2009 and 2010.

1

On May 6, 2016, Plaintiff Technology Training Associates, Inc. ("TTA"), filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, alleging Defendant improperly sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). TTA sought actual damages and statutory damages and injunctive relief under the TCPA on behalf of itself and a proposed class of similarly-situated persons.

The complaint filed by TTA addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned *Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.*, Case No. 8:13-cv-01592-AEP ("Cin-Q"). Defendant denied liability to Cin-Q and the other members of that putative class on a variety of legal and factual grounds. The parties in Cin-Q had been engaged in mediation and attempting to reach a settlement for more than eight (8) months, but had been unsuccessful. Indeed, on April 18, 2016, Defendant had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference. The Cin-Q plaintiffs and their counsel opposed any settlement conference before the Court or its designee, however, insisted that the mediator in the prior mediation declare an impasse (which he did), and refused to waive the mediation privilege.

After TTA filed its complaint, TTA's counsel contacted Defendant's counsel

and indicated that they were aware of and had reviewed the motion for and opposition to a settlement conference filed by Defendant in Cin-Q. Counsel for TTA noted that the applicable state court rules required the parties engage in alternative dispute resolution and suggested they mediate the new case with Defendants. TTA and Defendant agreed to mediate and scheduled an initial mediation session for May 19, 2016.

Prior to the May 19, 2016 mediation, however, TTA dismissed, without prejudice, the complaint filed in Hillsborough County, Florida, due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the pending mediation and settlement discussion. Counsel for TTA represented to Defendant that they were maintaining the claims and intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

Thereafter, on May 19, 2016, and again on June 1, 2016, Plaintiffs and Defendant participated in full-day mediation sessions in Tampa, Florida, before mediator Peter Grilli. At the end of the second day of mediation, the attendant parties reached an agreement in principle that would resolve the claims asserted by TTA on a class-wide basis, subject to finalization of mutually-agreeable settlement terms and subject to court approval. On June 16, 2016, Plaintiffs and Defendant agreed to the form and terms of the Settlement Agreement.

On June 20, 2016, Plaintiffs filed their Complaint in the instant action (the "Lawsuit"). Defendant continues to deny all material allegations of the Complaint

and denies liability.

Plaintiffs and Defendant conducted an examination of the facts and documents relating to this action, including documents and information produced by Defendant prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in this action without prolonged litigation and the risks and uncertainties inherent in litigation. Plaintiffs, Class Counsel, and Mr. Grilli concluded that the Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class. Despite maintaining its denial of liability, and without admitting or conceding any wrongdoing, Defendant consented to the Settlement solely to avoid the expense, inconvenience and inherent risks of litigation as well as continued disruption of its business operations. Based upon their review and analysis, Plaintiffs and Defendant agreed to and executed the Agreement.

## II.   Summary of the settlement.

If approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendant's fax advertisements sent at any time in 2009 or 2010 (the "Class Period").

The key terms of the Agreement are as follows:

a.   <u>Certification of a Settlement Class</u>. Solely for the purpose of implementing the Settlement, the Parties have stipulated to certification of a

Rule 23 (b)(3) "Settlement Class" defined as, "All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games." Specifically excluded from the Settlement Class are Defendant, and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; Class Counsel; and the judges who have presided over the Litigation and any related cases.

b.    The Class Representative and Class Counsel. The parties have agreed that Plaintiffs are the Class Representatives and that Plaintiffs' attorneys (Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim LLC) are Class Counsel for the Settlement Class.

c.    Settlement Fund. Defendant has agreed to make available up to $19,500,000.00 (the "Settlement Fund") to pay valid class member claims ("Awards"), to pay incentive awards to Plaintiffs, and to pay Class Counsel attorneys' fees and reasonable litigation expenses, not limited to costs, as approved by the Court. Notice and Administration Costs will not be paid from the Settlement Fund.

d.    Monetary Relief to the Members of the Settlement Class. Settlement Class Members who received one or more unsolicited fax advertisements sent by or on behalf of Defendant and who submit a valid

claim are eligible to receive Awards up to:

        (i)      $350 for the first such fax;

        (ii)     $100 for the second such fax;

        (iii)    $75 for the third such fax;

        (iv)    $20 for the fourth such fax; and

        (v)     $20 for the fifth such fax.

If the aggregate claimed Awards exceed the amount available to pay the Awards, after accounting for the payment of incentive awards and the payment of attorneys' fees and expenses, the Awards to the Settlement Class Members who submitted valid claims will be reduced on a *pro rata* basis.

      d.    <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by U.S. mail. The notice includes instructions about opting out, objecting, or submitting a claim form to the Settlement administrator by mail. In addition, the parties have agreed to publish notice to the Settlement Class in a manner that satisfies due process. Finally, the parties will cause to be created a settlement website that will provide information and relevant documents related to the Settlement, including a downloadable Claim Form that may be submitted by U.S. Mail. Defendant will bear all costs of notice and administration, which will not be paid from the Settlement Fund.

      e.    <u>Claims</u>.

        (i)     <u>Claim Form</u>. The class notice includes a simple Claim

Form for submitting claims for cash Awards. The Claim Form is attached to the Settlement Agreement as Exhibit A. The Claim Form submitted by each class member must be signed under penalty of perjury. A claiming class member must identify the fax number or numbers on which they may have received faxes from Defendant, as well their contact information.

(ii)   <u>Settlement Administrator</u>. Defendant shall retain and pay a third-party settlement administrator, to be agreed upon by the parties and approved by the Court, who will issue the class notice, maintain the settlement website, receive the claim forms, assist class members in completing and submitting forms, provide a list of accepted and rejected claims to counsel for the parties, and issue settlement checks. The third-party settlement administrator will provide copies of all valid and/or accepted claim forms to counsel for the parties. The parties will have the opportunity to review the submitted claim forms and set a timeframe in which objections to the claim forms can be made. The decision of the settlement administrator regarding the validity of claims, following any objection, shall be final and binding.

f.   <u>Release</u>. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant and the other released parties about the subject advertisements sent by fax during the Class Period.

g.    <u>Attorneys' Fees and Costs and Class Representative Award</u>. At the final approval hearing, after the Class is notified about the same, Class Counsel will apply to the Court to approve an award of attorneys' fees, costs and expenses in an amount not to exceed in total 25% of the Settlement Fund ($4,875,000.00) and to be paid from the Settlement Fund. Class Counsel will also ask the Court to approve an award of $20,000 for Technology Training Associates and $3,000 for Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic for serving as the class representatives.

## II.    The Court should preliminarily certify the Settlement Class.

For purposes of settlement only, the parties seek preliminary certification of the following class: "All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games."

The Court should certify the Settlement Class under Rule 23. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla.2006) (internal quotation marks omitted). Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23 (b) (3) (D), for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement

8

context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold. *See* Rule 23 (c), (d); *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620 (1997).

"Class certification is normal in litigation under § 227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 685 (7th Cir. 2013). Here, the Settlement Class is focused on a series of fax broadcasts in 2009 and 2010 paid for by Defendant and allegedly sent on Defendant's behalf, advertising Defendant's goods or services. The Settlement Class members are ascertainable through records of the fax numbers to which the faxes were sent, and those records can also be used to review claims.[1]

The Settlement Class satisfies the requirements of Rule 23 (a)—numerosity, commonality, typicality and adequacy.

**Numerosity.** It is beyond dispute that numerosity is satisfied here. The case involves over 343,000 faxes sent to over 131,000 unique fax numbers.

**Commonality.** Commonality is satisfied. "This case involves common questions of fact and law, including whether the faxes constitute advertisements, and whether the faxes were sent on behalf of the Defendant. The answer to these questions is 'apt to drive the resolution of the litigation.'" *Palm Beach Golf Ctr.- Boca, Inc., v. Sarris,* 311 F.R.D. 688, 695 (S. D. Fla. 2015) (certifying TCPA

---

[1]    Defendant reserves all arguments with respect to these records in the event that the case returns to litigation.

litigation class), *quoting Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011).

**Typicality.** Typicality is shown "if the claims or defenses of the class and the class representative arises from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984). In a TCPA case such as this one, typicality is satisfied because "Plaintiff[s], like each of the class members, w[ere] purportedly sent the same fax and each class member's claim is based on the same legal theory and same set of facts as Plaintiff's claim." *Sarris,* 311 F.R.D. at 696.

**Adequacy.** The adequate representation requirement is "satisfied here because there are no conflicts of interest between the Plaintiff[s] and the Settlement Class, and Plaintiff[s have] retained competent counsel." *Pierre-Val v Buccaneers Ltd. Partnership,* 2015 WL 3776918 at *3 (M. D. Fla. 2015) (preliminarily approving class settlement). Plaintiffs have vigorously prosecuted the action by filing a complaint and participating in the arm's-length negotiation of the settlement. They have retained proposed class counsel, attorneys who are highly experienced in TCPA litigation throughout the country, including winning class judgments, taking TCPA cases to trial, settling TCPA class actions, and briefing and arguing appeals in many of the federal Circuits, including the Eleventh Circuit. *Sarris,* 311 F.R.D. at 698 ("the Court finds that on these facts, Mr. Bock and his firm will adequately

prosecute the interests of the class and are qualified to serve as class counsel").[2]

The Settlement Class also satisfies Rule 23 (b) (3)'s requirements of predominance of common issues and superiority of the class action to other means of litigation.

**Predominance.** Because Plaintiffs have alleged that "Defendant[] engaged in a mass [fax advertising] campaign, common questions predominate." *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 296 F.R.D. 299, 314 (D. N. J. 2013) (certifying litigation class). "The facts necessary to establish liability relate to Defendant's common course of conduct and the transmissions of the faxes, and not to issues with individual class members." *Sarris,* 311 F.R.D. at 699 (same).

**Superiority.** "Given the large number of purported members in this suit and the similarity of their claims, disposition by class action is an efficient use of judicial resources. Moreover, the relatively small potential recovery in individual

---

[2] *E.g., Dr. Robert L. Meinders, D.C., Ltd. v. Emery Wilson Corp.,* No. 14-CV-596-SMY-SCW, D.E. 84 (S.D. Ill. June 21, 2016) (granting class certification); *Reliable Money Order, Inc. v. McKnight Sales Co.,* 704 F.3d 489 (7th Cir. 2013) (argued by Bock - affirming class certification); *Machesney v. Lar-Bev of Howell, Inc.,* --- F.R.D. ---, 2016 WL 1394648 (E.D. Mich. April 7, 2016) (Cox, J.) (certifying class); *Palm Beach Golf Ctr.-Boca, Inc., v. Sarris,* No. 12-CV-80178, D.E. 224 (S.D. Fla. June 10, 2016) (motion for preliminary approval of class settlement reached shortly before jury trial with Cohen as lead trial counsel); *Mixon Ins. Agency, Inc. v. Taylorville Chiropractic, et al,* No 09 L 0509, Court Order (St. Clair Cty. Cir. Ct. Jan. 30, 2015) (awarding $2,178,000 for 4,356 TCPA violations after trial led by Cohen); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.,* 757 F.2d 540 (6th Cir. 2014) (argued by Bock - approving classwide summary judgment); *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.,* 296 F.R.D. 299 (D. N.J. 2013) (certifying litigation class, later jury trial with Cohen as lead trial counsel); *Ira Holtzman, C.P.A. & Associates, Ltd. v. Turza,* 728 F.3d 682, 683 (7th Cir. 2013) (argued by Bock – summary judgment in favor of class); *Palm Beach Golf Ctr.-Boca, Inc., v. Sarris,* 781 F.3d 1245, 11th Cir. 2015 (argued by Cohen – reversing in favor of plaintiff).

11

actions ($500 in the absence of a finding of willfulness) and reduced likelihood that plaintiffs will bring suit also weighs in favor of class resolution." *Sarris,* 311 F.R.D. at 699.

Accordingly, the Court should preliminarily certify the proposed Settlement Class, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as class counsel.

## III.   The Court should grant preliminary approval to the settlement.

"Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007), *citing* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). "At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'" *Id., quoting* Annotated Manual for Complex Litigation § 21.632. "A proposed settlement should be preliminarily approved if it 'is within the range of possible approval or, in other words, [if] there is "probable cause" to notify the class of the proposed settlement.'" *Id.* (*quoting Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F.Supp. 825, 827 (E.D.N.C.1994) and *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)). "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." *Id.*

A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C). *See Nelson v. Mead*

*Johnson & Johnson Co.,* 484 Fed.Appx. 429, 434 (11th Cir. 2012). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Checking Account Overdraft Litig.*, *supra*, 830 F. Supp. 2d at 1341, *quoting In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977).

The factors for consideration are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, length and expense of further litigation; (5) opposition to the settlement; and (6) the stage of the proceedings at the time of settlement. *See Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011), *citing In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1315 (11th Cir. 2009).

In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the

parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement. The parties' Agreement resulted from arm's-length negotiations before an experienced mediator, Peter Grilli. The parties were represented by experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case.

This settlement is an excellent outcome and result for the Class. Defendant has agreed to create a settlement fund of up to $19.5 million. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check in an amount up to $565. The settlement offers each member of the Settlement Class an opportunity to obtain a significant monetary payment, while avoiding the costs and risks associated with further litigation. Without the settlement, the Class might recover substantially less, if anything at all. Defendant has also agreed not to send unsolicited fax advertisements that do not otherwise comply with the TCPA. Defendant has agreed to pay attorneys' fees and incentive awards to Plaintiffs. Defendant has agreed to pay all Notice and Administration costs and those costs shall not be paid from the settlement fund.

"Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000). This case is no exception. Defendant denies liability but has agreed to settle to avoid the distraction and expense of defending protracted litigation and exposure to higher

liability. There are risks attendant to further litigation, and substantial delay and expense. In a related case, this Court denied cross-motions for summary judgment, finding that the case would need to be submitted to a trier of fact. *Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership,* 2014 WL 7224943 (M.D. Fla. 2014). The decision to settle is reasonable in light of the risks of continued litigation for all parties, including the absent class members. Those risks include Defendant's contentions that the fax broadcasters included entities unknown to it, and that the broadcasters exceeded their authority or even committed outright fraud. In addition to the risk of loss, continued litigation would delay the class members' receipt of any recovery.

The TCPA gives private citizens a right to sue (i) to enjoin future transmissions, (ii) to recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) to obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid Claim Form will receive a cash payment in an amount up to $565, and Defendant has agreed to pay the attorneys' fees and certain expenses of Class Counsel for conferring that benefit upon each class member, along with paying the costs of notice and administration.   Moreover, Defendant has agreed to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

Plaintiffs' attorneys believe this settlement is fair, reasonable, and adequate.

Plaintiffs' attorneys have litigated TCPA class actions since 2003. They have been appointed class counsel in dozens of such cases, as well as in other types of class actions, and they have successfully negotiated numerous class-wide settlements in TCPA cases. *See* fn. 1, *supra*.

Based upon the foregoing, and the judgment of experienced class counsel, Plaintiffs request that the Court preliminarily approve the settlement.

## IV.   The Court should approve notice to the Settlement Class.

The parties propose to issue notice to the Settlement Class by U.S. mail and by publishing notice. A copy of the proposed notice is attached as Exhibit B to the Settlement Agreement.

Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it by U.S. mail to the addresses associated with the fax numbers at issue in the case. The parties also intend to provide notice by publication that comports with due process. The simple claim form will be delivered with the mailed notice, so that members of the Settlement Class can complete a claim form and return it immediately by mail. Settlement Class members can also access and download a

Claim Form through the settlement website.

The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c)(3)." Here, the notice satisfies these requirements.

The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## V.    The Court should schedule a final fairness hearing.

Plaintiffs request that the Court schedule a hearing to allow the proponents and any opponents of the settlement to voice their opinions or objections. The Notice informs the Settlement Class about this hearing. Exhibit 1, Ex. B. At the fairness hearing, Plaintiffs will request that the Court enter a Final Approval of Agreement and Judgment.

## VI.   Conclusion.

Plaintiffs respectfully request that the Court enter a Preliminary Approval Order in the form attached as Exhibit 2 certifying the Settlement Class, appointing Plaintiffs as the class representatives and their attorneys as class counsel, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit B to the Agreement), and setting dates for opt-outs, objections, and scheduling a final approval hearing.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES,
INC. and LARRY E. SCHWANKE, D.C. d/b/a
BACK TO BASICS FAMILY CHIROPRACTIC,
individually and as the representative of a class
of similarly-situated persons

By:  /s/ Phillip A. Bock

Phillip A. Bock
Florida Bar Identification Number 0093895
Daniel J. Cohen
Jonathan B. Piper
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on June 22, 2016, I electronically filed the foregoing *Plaintiffs' Unopposed Motion and Brief Requesting Preliminary Approval* using the ECF System, which will send notification of such filing to all counsel of record.

s/ Phillip A. Bock