# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 8:16-cv-01622-MSS-AEP |
| v. | ) ) | Judge Mary S. Scriven Magistrate Judge Anthony E. Porcelli |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

Having fully considered the Motion For Preliminary Approval Of Class Action Settlement (the "Motion") of Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.      Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release ("Agreement").

2.      The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement"). The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto or to Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of

possible judicial approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.      For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court preliminarily certifies the following class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

> Specifically excluded from the Settlement Class are the following Persons: (i) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (ii) Class Counsel; and (iii) the judges who have presided over the Litigation and any related cases.

4.      The Court recognizes that Defendant Buccaneers Limited Partnership ("BLP") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. BLP also reserves all its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

5.      For settlement purposes only, the Court preliminarily appoints Plaintiffs as representative of the Settlement Class.

6.      For settlement purposes only, the Court preliminarily appoints the following attorney to act as Class Counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

7.      The Court appoints the Settlement Administrator designated by the Parties, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.      The Settlement Class Notice Program shall be effectuated as follows:

a.   Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.   The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.

b.   No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will mail the Mailed Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the paragraph above.

c.   No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in the paragraph above.

d.   The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

9.      The form and content of the Class Notice are fair, reasonable and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

10.     The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Award and Incentive Awards; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Award and/or Incentive Awards and, if he or she desires, enter an appearance personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11.     The Court finds the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

12.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program and (b) number of valid claims, opt-outs, and objections.

13.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive

-4-

benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked no later than one hundred twenty (120) days after the entry of this Order. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

14.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than one hundred twenty (120) days after the entry of this Order (the "Opt-Out and Objection Date"). The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

15.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

16.     The Settlement Administrator shall provide the Opt-Out List to Class Counsel and BLP Counsel no later seven (7) days after the Opt-Out and Objection Date and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

17.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fee Award or Plaintiffs' Incentive Awards must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

  a. The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

  b. A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

  c. A statement of all objections to the Settlement; and

  d. A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the

Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

18.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Middle District of Florida
> 801 North Florida Avenue
> Tampa, Florida 33602
> Attention:   "Technology Training Associates, Inc. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP."

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

19.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

20.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

   a.   If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.   Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense; and

   b.   If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Opt-Out/Objection Deadline.   If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

21.     The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

22.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

23.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Florida,

Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, Courtroom _____, commencing on _____ ___, 201_, at _____.m.

24.     The Court may reschedule the Fairness Hearing without further written notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

25.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

26.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Opt-Out and Objection Date.

27.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

28.      BLP shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Fairness Hearing.

29.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and

neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

30.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

31.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:


_____
Magistrate Judge Anthony E. Porcelli