# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016) on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    RECITALS

A.      On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.      The complaint filed by Technology Training Associates, Inc. addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al., Case No. 8:13-cv-01592-AEP ("Cin-Q").  The parties in Cin-Q had been engaged in mediation and

attempting to reach a settlement for more than eight (8) months, but had been unsuccessful. Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference. The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C.      After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse. Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules. The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

D.      Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties' mediation and settlement discussion. Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      The Parties continued their settlement discussions in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about June 20, 2016, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "[a]ll persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have

3

been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      <u>DEFINITIONS</u>

As used herein, the following terms have the meanings set forth below.

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.      "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

L.     "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.     "Effective Date" means the date defined in Section XIII.

N.     "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

O.     "Final" means final as defined in Section XIII, Paragraph B.

P.     "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section XI.

Q.     "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

R.     "Litigation" means the action captioned <u>Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership</u>, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016).

S.     "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit B.

T.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award and Incentive Awards, as described in more detail in Section IV.

U.     "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or BLP in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.     "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.     "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX, Paragraph B.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

X.     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.      "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.     "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

AA.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

BB.    "Plaintiffs" means Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.    "Preliminary Approval Order" means the order defined in Section X and entered by the Court preliminary approving the Settlement.

EE.    "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any

8

regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising

out of or related to the Released Claims.

FF.    "Released Claims" means any and all claims, actions, causes of action, rights,

demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited

to statutory consumer protection claims, tort claims, conversion claims, negligence claims,

claims for breach of contract, breach of the duty of good faith and fair dealing, breach of

statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement,

statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices,

conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory

relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or

unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or

matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member

had, now have or may in the future have with respect to any conduct, act, omissions, facts,

matters, transactions or oral or written statements or occurrences on or prior to the Preliminary

Approval Date arising from or relating to facsimile advertisements offering tickets for Tampa

Bay Buccaneer games sent in 2009 or 2010 by and/or on behalf of the Released Persons,

FaxQom and/or any entities hired directly or indirectly by FaxQom to the Releasing Persons,

including, without limitation, the causes of action and allegations made by Plaintiffs in the

Litigation as well as claims and allegations that the Released Persons violated any consumer

protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of

any state or the District of Columbia.

GG.    "Released Persons" means BLP, its affiliates, past, present and future direct and

indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers,

partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering tickets for Tampa Bay Buccaneer games.

HH.    "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

II.    "Settlement" means the settlement set forth in this Settlement Agreement.

JJ.    "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

KK.    "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.    "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

MM.    "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

NN.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

OO.   "Settlement Fund" means $19,500,000 as described in more detail in Section IV.

PP.   "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

QQ.   "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.   "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VIII.

SS.   The plural of any defined term includes the singular, and vice versa, as made necessary in context.

## III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.   Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

Specifically excluded from the Settlement Class are the following Persons:

(i)   BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

(ii)   Class Counsel; and

(iii)   The judges who have presided over the Litigation and any related cases.

B.   Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and appointing the following as counsel for the Settlement Class:

Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone:  (312) 658-5500
Facsimile:  (312) 658-5555

C.     Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.     BENEFITS TO THE CLASS

A.     Pursuant to the terms and conditions set forth in this Agreement, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.     Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

(i)     $350 for the first such facsimile;

(ii)    $100 for the second such facsimile;

(iii)   $75 for the third such facsimile;

(iv)   $20 for the fourth such facsimile; and

(v)   $20 for the fifth such facsimile.

C.      No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

D.      Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.      THE SETTLEMENT FUND

A.      BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.      Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

13

C.      Any amounts remaining in the Settlement Fund following disbursement of all

Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

D.      Under no circumstances shall BLP be obligated to pay more under this Settlement

Agreement than $19,500,000 to the Settlement Fund, excluding costs for Notice and

Administration Costs.

## VI.      ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.      Class Counsel will apply to the Court for an aggregate award of attorneys' fees

and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and

to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said

award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement

Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel

shall have no further or other claim against BLP, including but not limited to any attorneys' lien

claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses

to any lawyers claiming to represent the interests of the Settlement Class.

B.      Plaintiffs will apply for Incentive Awards in an amount to be paid from the

Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000

and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for

$3,000.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and

Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully

satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other

claim against BLP.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee

Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or

modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the

finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.   SETTLEMENT CLASS NOTICE PROGRAM

A.     The Parties agree the following Settlement Class Notice Program provides

reasonable notice to the Settlement Class.

B.     BLP will bear all Notice and Administration Costs.

C.     Prior to the hearing on Preliminary Approval, the Parties will submit an agreed-

upon administrator to serve as the Settlement Administrator and will request that the Court

appoint that Settlement Administrator.  Once approved by the Court, the Settlement

Administrator will be an agent of the Court and will be subject to the Court's supervision and

direction as circumstances may require.  The Settlement Administrator will be responsible for

administering:

      (i)      The CAFA Notice as required by statute;

      (ii)     The Settlement Class Notice Program as set forth below;

      (iii)    The Settlement Website; and

      (iv)    The claims' process set forth in Section VIII as well as any

additional processes agreed to by Class Counsel and BLP Counsel and subject to

the Court's supervision and direction as circumstances may require.

D.     Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide

to the Settlement Administrator records identifying the fax numbers to which the facsimile

advertisements offering tickets for Tampa Bay Buccaneer games were sent.  The Settlement

Administrator will then use these records to determine the mailing addresses for as many

members of the Settlement Class as possible.  The Parties will work cooperatively with the

Settlement Administrator to mutually-agree upon the most practicable methods under the

circumstances by which the addresses of the members of the Settlement Class can be derived. The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.      No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.  The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.

F.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraphs D and F above.

H.      Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

I.      The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII.   CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.      Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.      To file a Valid Claim, Settlement Class Members must:

(i)     Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)    Sign the Claim Form under penalty of perjury; and

(iii)   Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.      The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)     Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their

17

positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims process, and the Parties will promptly seek assistance from the Court.

F.      As soon as practicable after the Effective Date, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.      OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in

the objection submitted to the Court and served on Class Counsel and BLP Counsel the

following:

> (i)      The name, address, telephone number of the Person objecting and,
> if represented by counsel, of his/her counsel;

> (ii)      A signed declaration stating that he or she is a member of the
> Settlement Class and in 2009 and/or 2010, received one or more facsimile
> advertisements sent by or on behalf of BLP;

> (iii)      A statement of all objections to the Settlement; and

> (iv)      A statement of whether he or she intends to appear at the Fairness
> Hearing, either with or without counsel, and if with counsel, the name of his or
> her counsel who will attend.  Any Settlement Class Member who fails to file and
> serve a timely written objection and notice of his or her intent to appear at the
> Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice
> shall not be permitted to object to the approval of the Settlement at the Fairness
> Hearing and shall be foreclosed from seeking any review of the Settlement or the
> terms of the Settlement Agreement by appeal or other means.

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class

must complete and send to the Settlement Administrator a request for exclusion that is post-

marked no later than the Opt-Out and Objection Date.  The request for exclusion must be

personally signed by the member of the Settlement Class requesting exclusion, contain a

statement that indicates his or her desire to be excluded from the Settlement Class and contain a

statement that he or she is otherwise a member of the Settlement Class.  A member of the

Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs,

whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.      PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.      Preliminarily approve this Settlement Agreement.

B.      Preliminarily certify the Settlement Class.

C.      Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the

time and place of the hearing to consider final approval of the Settlement, and the method for

objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and

distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and

the procedure for making inquiries.

D.     Schedule a Fairness Hearing on final approval of this Settlement and Settlement

Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and

whether it should be finally approved by the Court.

E.     Appoint the Settlement Administrator.

F.     Approve the Class Notice, and direct the Settlement Administrator to disseminate

the Class Notice in accordance with the Settlement Class Notice Program.

G.     Find that the Settlement Class Notice Program:  (i) is the best practicable notice;

(ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the

pendency of the Litigation and of their right to object to or to exclude themselves from the

proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all

Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.     Require the Settlement Administrator to file proof of compliance with the

Settlement Class Notice Program at or before the Fairness Hearing.

I.     Approve the Claim Form and set a Claim Deadline.

J.     Require any member of the Settlement Class who wishes to exclude himself or

herself from the Settlement Class to submit an appropriate, timely request for exclusion,

postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct,

to the Settlement Administrator at the address on the Class Notice.

K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

   (i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

   (ii)     A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering tickets for Tampa Bay Buccaneer games;

   (iii)    A statement of all objections to the Settlement; and

   (iv)     A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.      Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.      Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file

with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy

thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

T.      Preliminarily enjoin all members of the Settlement Class unless and until they

have timely excluded themselves from the Settlement Class from (i) filing, commencing,

prosecuting, intervening in or participating as plaintiff, claimant or class member in any other

lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on,

relating to or arising out of the claims and causes of action or the facts and circumstances giving

rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or

prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class

action on behalf of any member of the Settlement Class who has not timely excluded himself or

herself (including by seeking to amend a pending complaint to include class allegations or

seeking class certification in a pending action), based on, relating to or arising out of the claims

and causes of action or the facts and circumstances giving rise to the Litigation and/or the

Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit

or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out

of the claims and causes of action or the facts and circumstances giving rise to the Litigation

and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the

attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a

result of the violation.  This Settlement Agreement is not intended to prevent members of the

Settlement Class from participating in any action or investigation initiated by a state or federal

agency.

U.      Contain any additional provisions agreeable to the Parties that might be necessary

or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.    FINAL ORDER AND JUDGMENT AND RELEASES

A.    If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)    Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)    Certifies a Settlement Class solely for purposes of this Settlement;

(iii)    Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)    Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)    Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the

Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)    Approves the Claim Form that was distributed to the Settlement Class;

(vii)   Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)  Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)    Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)    Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the

Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)    Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

(xiii)   Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)   Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class

Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)      Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)      The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein

are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases. In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

**XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT**

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)    If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)    If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)    If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.      If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs A or B above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BLP shall withdraw their election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall BLP have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)      For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

E.      In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any

proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

### XIII.   EFFECTIVE DATE

A.      The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)      This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)    The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph B below.

B.      "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of

the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.   NOTICES

A.      All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611

Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

B.      The notice recipients and addresses designated above may be changed by written

notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each

other with copies of comments, objections, requests for exclusion, or other documents or filings

received as a result of the Class Notice.

### XV.      MISCELLANEOUS PROVISIONS

A.      **Interpretation**.  This Settlement Agreement contains the entire agreement among

the Parties hereto and supersedes any prior discussions, agreements or understandings among

them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.

For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that

the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and

shall not be construed strictly for or against any Party, and the Parties further agree that any prior

drafts may not be used to construe or interpret this Settlement Agreement.

B.      **Binding Effect**.  The terms are and shall be binding upon each of the Parties

hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives,

predecessors-in-interest and successors as well as upon all other Persons claiming any interest in

the subject matter hereto through any of the Parties hereto including any Settlement Class

Members.

C.      **Headings**.  The headings contained in this Settlement Agreement are for

reference purposes only and shall not affect in any way the meaning or interpretation of this

Settlement Agreement.

D.      **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have

made their own investigations of the matters covered by this Settlement Agreement to the extent

they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set

aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties

understand, agree and expressly assume the risk that any fact not recited, contained, or embodied

in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary

to the facts now known to them or believed by them to be true, and further agree that the

Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject

to termination, modification, or rescission by reason of any such difference in facts.

E.      **Amendment**.  This Settlement Agreement may be amended or modified only by a

written instrument signed by the Parties or their counsel.  Amendments and modifications may

be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.      **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby

incorporated and made a part of the Settlement Agreement.

G.      **Jurisdiction**.  The United States District Court for the Middle District of Florida

has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.      **Waiver of Statute of Limitations.**  BLP waives any affirmative defense

regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall

survive in the event of the termination of this Agreement.

I.      **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its

exhibits or related documents (including but not limited to drafts of the Settlement Agreement,

the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any

proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence

of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

J.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

K.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

L.      **No Media Statements**.  BLP, BLP Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

M. **Confidentiality.** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

N. **Return Of Material.** Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

O. **No Assignment.** Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

P. **Stay.** The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

Q. **Best Efforts.** In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to

give this Agreement full force and effect.  The execution of documents must take place prior to

the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By: _____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic


By: _____


*Approved as to form:*          BOCK, HATCH, LEWIS & OPPENHEIM, LLC

By: _____
Philip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone: (312) 658-5500
Facsimile: (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP


By: _____

Its: _____


*Approved as to form:*          LATHAM & WATKINS LLP


By: _____
Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP

40

WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*

**BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

By:_____
       Phillip A. Bock
       Jonathan B. Piper
       Daniel J. Cohen
       Bock, Hatch, Lewis & Oppenheim, LLC
       134 North La Salle Street, Suite 1000
       Chicago, Illinois 60602
       Telephone: (312) 658-5500
       Facsimile: (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*

**LATHAM & WATKINS LLP**

By:_____
       Mark S. Mester
       Kathleen P. Lally
       Latham & Watkins LLP

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                    **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

By:_____
Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone:  (312) 658-5500
Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its: Chief Operating Officer

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By:_____
Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP

330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

# EXHIBIT A

## PROOF OF CLAIM

### Technology Training Associates, Inc., et al. v Buccaneers Limited Partnership

### Case No. XXXXXXXXX

#### C/O [SETTLEMENT ADMINISTRATOR ADDRESS]

> **Your Signed Claim Form Must Be Completed, Mailed**
> **And Postmarked No Later Than [_____, 201_].**
>
> **If You Do Not Submit A Claim Form By [_____, 201_], You**
> **Will Not Receive The Benefits Described In The Class Notice.**
> **Please Read This Entire Form Carefully.**

*To be eligible to receive payment under the proposed Settlement Agreement you must complete <u>all</u> steps to claim a share of the settlement fund:*

1. Fax Number(s):   ___ ___ ___-___ ___ ___-___ ___ ___ ___

   _____

   List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, you may indicate how many you believe you received at each number in parenthesis next to each number.

2. **You Must Provide Your Contact Information.**

   Name:_____

   Company:_____

   Address:_____

   City/State/Zip Code:_____

3. **Requested Information If The Settlement Administrator Needs To Contact You:**

   Daytime Phone Number:_____   Email Address:_____

4. **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above (select (a) or (b) and sign your name):**

   (a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

   _____
   (Sign your name here)

   ***OR***

   (b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

   _____
   (Sign your name here)

5. **Certification (please sign below):**

   **PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

   Signature: _____   Date:_____

Print Name:_____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

**If the Settlement is granted Final Approval and your claim is accepted, you will be mailed a check representing your share of the Settlement Fund.  This process takes time, so please be patient.  Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP In 2009 Or 2010, You May Be Part Of A Class Action Settlement

## IMPORTANT
### PLEASE READ THIS NOTICE CAREFULLY

## THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS UNDER THE SETTLEMENT[1]

*A federal court directed this notice. This is not a solicitation from a lawyer. You are not being sued.*

- A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements regarding tickets for Tampa Bay Buccaneer games by facsimile. BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

- Settlement Class Members who submit Valid Claims will be entitled to an Award.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** (_____, 201_) | Submit a Claim Form seeking payment. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **OPT OUT OF THE SETTLEMENT** (_____, 201_) | Request to be excluded and receive no benefits from the Settlement. This is the only option that allows you to start or continue your own lawsuit against BLP for the claims at issue in the Settlement. |
| **OBJECT** (_____, 201_) | Remain in the Settlement and write to the Court about why you do not like the Settlement. If you would like benefits from the Settlement, you will need to file a Valid Claim. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **GO TO A HEARING** (_____, 201_) | Remain in the Settlement and ask to speak in Court about the fairness of the Settlement. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **DO NOTHING** | Get no benefits. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms. Please be patient.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") available from Class Counsel or by visiting the Settlement Website. If this notice conflicts with the Settlement Agreement, the Settlement Agreement will control.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................................PAGE 3
      1. Why is there a notice?
      2. What is this litigation about?
      3. What is the Telephone Consumer Protection Act?
      4. Why is this a class action?
      5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.......................................................................................PAGE 4
      6. Who is included in the Settlement?
      7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ............................................................................................. PAGE 4-5
      8. What does the Settlement provide?
      9. How do I file a Claim?
      10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................................. PAGE 5-6
      11. How do I get out of the Settlement?
      12. If I do not exclude myself, can I sue the Defendant for the same thing later?
      13. What am I giving up to stay in the Settlement Class?
      14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU** .......................................................................................PAGE 6
      15. Do I have a lawyer in the case?
      16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**...................................................................................... PAGE 6-7
      17. How do I tell the Court if I do not like the Settlement?
      18. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** .................................................................................................. PAGE 7-8
      19. When and where will the Court decide whether to approve the Settlement?
      20. Do I have to attend the hearing?
      21. May I speak at the hearing?

**IF YOU DO NOTHING** .............................................................................................................PAGE 8
      22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** .............................................................................................PAGE 8
      23. How do I get more information?

# BASIC INFORMATION

## 1. Why is there a notice?

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to approve it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available and who can get them.

_____ of the United States District Court for the Middle District of Florida is overseeing the proposed Settlement in the matter of ▓▓ (the "Litigation"). The proposed Settlement will resolve the claims made against BLP in the Litigation.  The people who sued are called the "Plaintiffs."  BLP is the "Defendant."

## 2. What is this Litigation about?

The Litigation alleges that in 2009 and 2010 BLP improperly sent advertisements by facsimile and seeks actual damages, as well as statutory damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") on behalf of a proposed class of all persons who received one or more facsimile advertisements from or on behalf of BLP in 2009 and 2010.

BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through trial.

The Settlement resolves the lawsuit.  The Court has not decided who is right.

## 3. What is the Telephone Consumer Protection Act?

The TCPA is a federal law that restricts telephone solicitations and the use of certain automated telephone equipment, such as automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines for advertising and certain other purposes.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic) sue on behalf of themselves and other similarly situated people.  Together, all the people with similar claims are members of a "Settlement Class."

## 5. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or BLP.  Instead, both sides have agreed to a settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that BLP did anything wrong.  BLP denies all legal claims in this case.  Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT

### 6. Who is included in the Settlement?

The Settlement includes all persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games. These people are called the "Settlement Class."

Excluded from the Settlement Class are (a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

### 7. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, call the toll free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____, or send questions to the Settlement Administrator at _____, PO Box XXXX, [City], [State] XXXXX-XXXX.   You may also call Class Counsel at the number listed in Question 17.

## THE SETTLEMENT BENEFITS

### 8. What does the Settlement provide?

BLP has agreed to pay up to $19.5 million to create a "Settlement Fund."  The Settlement Fund will be used to pay Awards, the Attorneys' Fee Awards, and Incentive Awards to Plaintiffs.  Awards will be distributed to Settlement Class Members who submit Valid Claims.  Each Settlement Class Member who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

### 9. How do I file a Claim?

To receive a payment, you must submit a Valid Claim.  To submit a Valid Claim, you must timely and fully complete and submit a Claim Form by mail on or before Month DD, 201_.  Claim Forms may be obtained on the Settlement Website, www._____.

You can submit your Claim Form via regular mail.  Claim Forms submitted by mail must be postmarked on or before Month Day, 2016 to:

Settlement Administrator<br>
PO Box XXX<br>
City, State XXXXX-XXXX

Please read the Claim Form carefully and provide all the information required.

## 10. When will I receive my payment?

Payments for Valid Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11. How do I get out of the Settlement?

If you want to keep any right you might have to sue BLP about the issues in this case and if you do not want benefits from the Settlement, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your exclusion request must be postmarked no later than Month Day, 2016.  You cannot ask to be excluded on the phone, by email or in any other manner.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

## 12. If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right you might have to sue BLP for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

## 13. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BLP about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BLP from all of the claims described and identified in Section [ ] of the Settlement Agreement.

The Settlement Agreement is available by visiting the Settlement Website [WEBSITE], calling [SA Number] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal

terminology, so read it carefully. You can talk to the law firm seeking to represent the Settlement Class and listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

### 14. If I exclude myself, can I still get a payment?

No. You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in the case?

The Court has appointed Phillip A. Bock, Jonathan B. Piper, Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for these lawyers' services. The Attorneys' Fee Awards will be paid directly from the Settlement Fund. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### 16. How will the lawyers be paid?

Class Counsel intend to request up to twenty-five percent (25%) ($4,875,000) of the Settlement Fund for attorneys' fees and reasonable, actual out-of-pocket expenses incurred in the Litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff Technology Training Associates will apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic will apply for $3,000.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must submit a letter or other written document that includes the following:

1) A heading that includes the case name and case number - [ ].

2) Your name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3) A signed declaration stating that you are a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

4) A statement of all your objections to the Settlement; and

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

You must file your objection with the Court and mail or email your objection to each of the following postmarked or emailed by Month Day, 2016:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| | Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis &<br>Oppenheim, LLC<br>134 North La Salle Street,<br>Suite 1000<br>Chicago, Illinois 60602<br>Phone:<br>Email: | Mark S. Mester<br>mark.mester@lw.com<br>Kathleen P. Lally<br>kathleen.lally@lw.com<br>Latham & Watkins LLP<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611 |

## 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

## 19. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on Month Day, 2016 at    :    m, at the [address]. The hearing may be moved to a different date or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

## 20. Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it. You also may pay your own lawyer to attend the hearing, but it is not necessary.

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 22.  What happens if I do nothing at all?

If you are a member of the Settlement Class and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against BLP about the claims at issue in this case.

# GETTING MORE INFORMATION

## 23.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the settlement terms visit the Settlement Website at                          , write with questions to the Settlement Administrator at                Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.