# EXHIBIT 7

| | |
|---|---|
| **From:** | Mester, Mark (CH) |
| **Sent:** | Tuesday, June 21, 2016 1:08 PM |
| **To:** | Ross Good; rgood@andersonwanca.com |
| **Cc:** | Lally, Kathleen (CH); m@mcalaw.net; rkelly@andersonwanca.com |
| **Subject:** | RE: Re: |

We would likewise appreciate it if you answered the question posed.

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Tuesday, June 21, 2016 11:00:44 AM
**To:** Mester, Mark (CH); rgood@andersonwanca.com
**Cc:** Lally, Kathleen (CH); m@mcalaw.net; rkelly@andersonwanca.com
**Subject:** Re: Re:

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Jun 21, 2016 at 12:59 PM <mark.mester@lw.com> wrote:
> Ross - It strains credulity (to say the least) for you to suggest that you or Mr. Biggerstaff ever thought we were agreeing to the conditions you attempted to previously place on producing him at that place and time.  As we have made clear to you more than once, 9 hours is not going to be enough time for our deposition of Mr. Biggerstaff given the scope and breadth of the various reports he has submitted in this case, and we certainly do not believe that Mr. Canfield's health issues should and your insistence that BLP not identify a replacement expert should be a basis for you and your colleagues to extract concessions from BLP.   I can't cancel something that was never set, and the deposition on June 23rd was most certainly never set, in light of the conditions you unilaterally sought to place on it.
>
> Best regards.
>
> _____
> From: Ross Good <rgood@andersonwanca.com>
> Sent: Tuesday, June 21, 2016 10:54:20 AM
> To: Mester, Mark (CH); rgood@andersonwanca.com
> Cc: Lally, Kathleen (CH); m@mcalaw.net; rkelly@andersonwanca.com
> Subject: Re: Re:
>
> Mark,

1

Mr. Biggerstaff's flights to Philadelphia are booked for 6/23/2016. If the deposition proceeds, you will have upto 9 hours on that day. Are you cancelling the deposition set for 6/23/2016?

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com<mailto:rgood@andersonwanca.com> - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Jun 21, 2016 at 12:47 PM <mark.mester@lw.com<mailto:mark.mester@lw.com>> wrote:
Ross - I fully understand that I don't represent the class and have never acted as if I do.  Since you are so dismissive or otherwise unaware of your duties to the class, however, I feel obligated to periodically remind you that you in fact do seek to represent a class and that as a result, you have duties to that class which require you to put their interests in front of yours.  That means, among other things, that  your fees should not be the focus of settlement negotiations and that, instead, the benefit to be conferred to the class should be the focus.  It also means that settlement structures should not be proposed by you and your firm that would end up rewarding you with fees that are four or five times that amount the class will receive.  But having seen you do exactly that, I can certainly understand what led to the First District's opinion in First Mercury.

We will treat your continuing claims of "collusion" as tantamount to a claim of a reverse auction and will plan on renewing our motion to have the mediation privilege from the prior mediation declared waived by you.   Those claims by you are as baseless as they are offensive.  We will also include a copy of this email exchange with our renewed motion.  We asked in the notice of settlement we provided you late last week that you refrain from any further suggestion of a reverse auction, but that request was obviously ignored, as witnessed by the suggestion in the motion you filed yesterday of a "specter" of a reverse auction and as further witnessed by your email.  Accordingly, we have no choice but to renew our motion.

As for the Biggerstaff deposition, the conditions you placed on making Mr. Biggerstaff available at that place and time were not appropriate or acceptable, and we have since moved for a stay of this case in light of the class settlement that will resolve the class claim in its entirety upon final approval.  Accordingly, we don't think it makes much sense to go forward at this point with the Biggerstaff deposition, and we will await further guidance from Judge Porcelli.

In the meantime, however, we really would appreciate elucidation from you as why you think it is in the best interests of your proposed class to have BLP attacking through the deposition of Mr. Biggerstaff the ability of the class to meet the requirements of Fed. R. Civ. P. 23 (including ascertainability, adequacy and predominance) in light of the intervening settlement and the ruling in Amchem.   I honestly believe that understanding your position on this issue would assist us in perhaps resolving several outstanding disputes.

Best regards.

_____
From: Ross Good <rgood@andersonwanca.com<mailto:rgood@andersonwanca.com>>
Sent: Tuesday, June 21, 2016 10:31:42 AM
To: Mester, Mark (CH)

Cc: Ross Good; Lally, Kathleen (CH); Michael Addison; Ryan Kelly
Subject: Re: Re:

Mark,
You have gotten so used to pretending to represent the class by colluding with Mr. Oppenheim's firm on your alleged class-wide settlement that you have forgotten that it is actually not your job.

Are you still taking Mr. Biggerstaff's deposition on 6/23/2016?

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com<mailto:rgood@andersonwanca.com><mailto:rgood@andersonwanca.com<mailto:rgood@andersonwanca.com>> - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Jun 21, 2016 at 11:59 AM,
<mark.mester@lw.com<mailto:mark.mester@lw.com><mailto:mark.mester@lw.com<mailto:mark.mester@lw.com>>> wrote:
Ross -   You placed a number of conditions on going forward with the Biggerstaff deposition at that time and location that we believe were highly inappropriate and by no means agreed to by BLP, as I think we made clear to you at the time.   Moreover, we have since filed, as you know, a motion to stay Cin Q in light of the class settlement reached late last week.

Perhaps you can explain to us, however, why you believe it would be in the best interests of the class you seek to represent to have us attacking through the deposition of Mr. Biggerstaff the ability of the class to meet the requirements of Fed. R. Civ. P. 23 when a class settlement has been reached.   The Supreme Court's decision in Amchem would certainly suggest that is not the case, but we look forward to hearing from you.

_____
From: Ross Good
<rgood@andersonwanca.com<mailto:rgood@andersonwanca.com><mailto:rgood@andersonwanca.com<mailto:rgood@andersonwanca.com>>>
Sent: Tuesday, June 21, 2016 9:25:09 AM
To: Mester, Mark (CH); Lally, Kathleen (CH)
Cc: Michael Addison; Ryan Kelly
Subject: Re: Re:

Mark,
Yet again you have not served a subpoena for Mr. Biggerstaff's deposition.

Please confirm you are cancelling the already scheduled deposition of Mr. Biggerstaff in Philadelphia on 6/23/2016.

Thank you

--