IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | No. 8:16-cv-01622-MSS-AEP |
| | ) | Mag. Judge Anthony E. Porcelli |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**PLAINTIFFS' UNOPPOSED SUPPLEMENTAL SUBMISSION
REGARDING THE COURT'S *SUA SPONTE* INQUIRY INTO THE
ISSUE OF WHETHER PLAINTIFFS' COUNSEL HAVE A DISQUALIFYING
CONFLICT OF INTEREST**

Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C., d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs"), on behalf of themselves and a proposed settlement class of similarly-situated persons, file this supplemental submission regarding the Court's *sua sponte* inquiry into the issue of whether Plaintiffs' counsel have a disqualifying conflict of interest.[1]

## I. Reasons For Filing This Supplemental Submission

Prior to the hearing held on October 20, 2016, non-party Ross Good filed a motion for leave to file a declaration leveling accusations at attorney David

---

[1]   Prior to filing this supplemental submission, Plaintiffs' counsel conferred with counsel for Defendant, who advised that Defendant does not oppose this filing.

Oppenheim (Doc. 44), and Plaintiffs filed a motion to strike Mr. Good's filing on the ground that, as a non-party who had not been granted leave to intervene, he had no standing to file in this action (Doc. 45). At the time of the October 20th hearing, the Court had not yet ruled on either motion. Shortly after the hearing, the Court granted Mr. Good's motion, and denied Plaintiff's motion. Doc. 48. Due to the foregoing sequence of events, Plaintiffs did not have an opportunity to respond to Mr. Good's declaration. Plaintiffs take this opportunity to do so.[2]

On September 29, 2016, Bock Law Firm ("BLF") served answers to interrogatories in *Medical & Chiropractic Clinic, Inc. v. David Oppenheim, et al.*, Cause No. 8:16-cv-01477-CEH-TBM ("the M&C action").[3] On October 24, 2016, BLF produced 49 pages of documents in the M&C action. On November 7, 2016, BLF produced an additional 81 pages of documents in the M&C action. In continuing candor and transparency to the Court, copies of those documents are attached hereto as Exhibit No. 2 (interrogatory answers) and Exhibit No. 3 (document production, bates labeled BLF000001-000130).[4]

---

[2]     Mr. Oppenheim's Declaration, attached as Exhibit 1, verifies the facts set forth in Section II of this submission, and footnote 3 below.

[3]     The answer to interrogatory no. 11 (Ex. 2, pp. 11-13) reveals that Mssrs. Wanca and Addison both disclosed to Mr. Oppenheim details of ongoing settlement negotiations in *Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc. v. Buccaneers Limited Partnership*, Case No. 8:13-cv-1592-17AEP ("the Cin-Q action") after Mr. Oppenheim had left Anderson + Wanca ("A+W") and had started at BLF. Mr. Oppenheim's Declaration (Ex. 1) verifies the answer to interrogatory no. 11 as to these two communications.

[4]     Mr. Good has filed another motion for leave to file additional documents in this case. Doc. 53. BLF's production of documents in the M&C case (Ex. 3) contains the document(s) to which Mr. Good's second motion refers, thus rendering that motion moot.

## II.  Response To Declaration Of Ross Good

Mr. Good's declaration raises three factual issues. First, he avers that Mr. Oppenheim billed hours at A+W for work performed on the plaintiffs' motion for partial summary judgment in the Cin-Q action, suggesting that such work contradicts Mr. Oppenheim's testimony during the preliminary injunction hearing held in the M&C action on July 18, 2016, that his work on the Cin-Q action was always for the benefit of the class as whole. Second, he avers that Mr. Oppenheim's employment with BLF started on March 31, 2016, suggesting that Mr. Oppenheim was already working at BLF before his last day of employment with A+W on April 8, 2016. Third, he avers that BLF paid monies to Mr. Oppenheim while he was still employed at A+W, suggesting the payment was in furtherance of a nefarious purpose or goal. Mr. Good has some of the facts right, and some of them wrong, but his inferences regarding the significance of these facts are all wrong.

### A.    Hours billed on the summary judgment motion

Mr. Oppenheim has no recollection of working on the summary judgment motion in the Cin-Q action, but also has no reason to question Mr. Good's assertion that A+W billing records indicate such work. Ex. 1. That summary judgment motion sought to prove as a matter of law that BLP was the "sender" of the subject broadcasts, thereby exposing it to potential liability under the TCPA. Thus, like his mediation efforts, the summary judgment motion was filed on behalf of, and sought to enhance the litigation position of, the entire putative class.

B.      **Start date at BLF**

Mr. Good avers that Mr. Oppenheim started working for BLF on March 31, 2016. This is incorrect. Mr. Oppenheim's first day of work with BLF was April 11, 2016, three days after his last day of employment with A+W. Contrary to Mr. Good's assertion, there was no overlap between Mr. Oppenheim's actual work at A+W, and his actual work at BLF. Ex. 1. Mr. Oppenheim indicated on a health insurance form that his <u>hire</u> date – not his <u>start</u> date – with BLF was March 31, 2016. He did so merely to avoid possible interruption in coverage. Ex. 1; Ex. 3, pp. 106-07, 116. Again, there was no overlap of employment.

C.      **BLF payment to Mr. Oppenheim before April 8, 2016**

The agreement reached between Mr. Oppenheim and Mr. Bock regarding Mr. Oppenheim's compensation at BLF included a "hiring bonus." Ex. 1. In a demonstration of good faith, BLF tendered that hiring bonus to Mr. Oppenheim before he actually started working at BLF. Ex. 1; Ex. 3, pp. 94-102. The hiring bonus was not conditioned upon Mr. Oppenheim engaging in disloyalty to A+W before or after his employment at A+W ended, nor did Mr. Oppenheim engage in disloyalty. Ex. 1.

### III.  Conclusion

Plaintiffs' interests are not materially adverse to the interests of the putative class representatives in the Cin-Q action. The prosecution and settlement of this action will not work to the detriment of the putative class representatives in the Cin-Q action because they are free to petition for incentive awards from the

settlement of this action, and Plaintiffs and their counsel will not oppose such petitions. Plaintiffs' counsel do not have a disqualifying conflict of interest.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representative of a class of similarly-situated persons

By:  /s/ Phillip A. Bock

Phillip A. Bock
Daniel J. Cohen
Jonathan B. Piper
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on November 8, 2016, I electronically filed the foregoing *Plaintiffs' Unopposed Supplemental Submission Regarding the Court's Sua Sponte Inquiry into the Issue of Whether Plaintiffs' Counsel Have a Disqualifying Conflict of Interest,* using the ECF System, which will send notification of such filing to all counsel of record.

s/ Phillip A. Bock