IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

| | |
|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC., *et al.*, individually and as the representatives of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 8:16-cv-01622-MSS-AEP<br>) |
| BUCCANEERS LIMITED PARTNERSHIP, | ) M.J. Anthony E. Porcelli<br>) |
| Defendant, | )<br>) |
| v. | )<br>) |
| CIN-Q AUTOMOBILES, INC., *et al.*, | )<br>) |
| Intervenors. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION ON ALL PENDING MOTIONS, AND FOR LEAVE TO FILE REPLY ON PLAINTIFFS' MOTION TO STAY PENDING COMPLETION OF DISCOVERY**

Plaintiffs Technology Training Associates, Inc., *et al.* ("Plaintiffs"), on behalf of themselves and the certified settlement class, request leave of Court to file a supplemental submission on Intervenors Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc.'s ("Intervenors") motion to decertify settlement class, vacate Preliminary Approval Order, and strike class allegations (ECF 91), and on Plaintiffs' motion to stay briefing, hearing and ruling on same pending completion of discovery (ECF 97), and to file a reply on Plaintiff's aforesaid motion (ECF 97).

## I. Certificate of Attempt to Resolve

Undersigned counsel for Plaintiffs hereby certifies that prior to filing the instant motion, he conferred with counsel for Defendant and Intervenors regarding the relief requested in this motion, but the parties were unable to reach agreement.

In particular, counsel for Intervenors (a) expressed their agreement to Plaintiffs' filing of a recent federal hearing transcript in a related case, but insisted that the transcript be filed under an ECF event code for "Notice of Filing" without any argument, and (b) expressed their opposition to Plaintiffs' filing of a reply in support of their pending motion to stay. As to the former, Plaintiffs submit that some explanation of the relevant content of the proffered transcript—including but not limited to why that content is relevant, and where that content may be found—is reasonable and necessary, lest the Court be left to scour the transcript trying to divine the content that Plaintiffs believe to be relevant, and the reason for that belief. Given the foregoing, Plaintiffs necessarily construe Intervenors' position to be opposition to Plaintiffs' motion in its entirety.

Counsel for Defendant has no objection to the relief requested herein.

## II. Supplemental Submission

Plaintiffs request leave to submit the transcript of a hearing held on April 2, 2018, before District Judge Honeywell in a related case, *Medical & Chiropractic Clinic, Inc. v. Oppenheim, et al.*, Case No. 8:16-CV-1477 (M.D. Fla.) ("the M&C action), in which the court made bench rulings relevant to the issues raised in both Intervenors' and Plaintiffs' pending motions. ECF 91 and 97. Plaintiffs had wanted

to submit this transcript as soon as it was delivered by the court reporter, but the deadline for the parties to file notices of intent to request redactions did not expire until Friday, April 13, 2018, and Plaintiffs did not want to submit the unredacted transcript until that period expired. No party to the M&C action filed a notice of intent to request redactions, and so Plaintiffs now request leave to file that transcript as a supplemental submission here.

Intervenors' position, as expressed in their motion (ECF 91), is that the Eleventh Circuit's intervention decision in *Technology Training Associates, Ltd., et al. v. Buccaneers Ltd. Partnership*, 874 F.3d 692 (11th Cir. 2017) ("the TTA decision"), constitutes binding law of the case governing this Court's further handling of this litigation. Plaintiffs' position, as expressed in their motion (ECF 97), is that the TTA decision is neither binding, nor dispositive, nor law of the case in this litigation except to the extent the Eleventh Circuit reversed this Court on the appealed intervention issue, and held that Intervenors satisfied their minimal burden to demonstrate an entitlement to intervene under Fed. R. Civ. P. 24 (a).

On April 2, 2018, District Judge Honeywell heard the very same dispute regarding the meaning, significance and effect of the TTA decision during a hearing on the parties' respective motions for summary judgment in the M&C action. During that hearing, counsel for Medical & Chiropractic Clinic, Inc. ("M&C") argued that the Eleventh Circuit had made findings of fact and conclusions of law that were binding in the M&C action and dispositive of the issues raised on summary judgment. Judge Honeywell rejected M&C's argument in that regard.

The relevant dialogue between M&C's counsel (Mr. Soble) and the Court (Judge Honeywell) was as follows:

Mr. Soble: Obviously there's been a lot of talk about the Eleventh Circuit opinion and I want to look at the material adversity section in more context. Because while I did quote from it before, I think the context in which the Eleventh Circuit looks at it is quite telling, and this is at – it's literally the last two substantive paragraphs of the opinion.

The Eleventh Circuit starts by talking about the minimal burden that the Court has mentioned that counsel has mentioned. They say the movants have met the minimal burden of showing that Plaintiffs' representation of their interests my be inadequate. As we've explained, the representative party's greater willingness to compromise can impede it from adequately representing the interest of a non-party. That is the case here. And then the Court goes on to explain why that is the case here. But then having already found that the minimal burden is met, the Eleventh Circuit does not stop. The Eleventh Circuit says in the next paragraph, "more broadly," so more broadly than the minimal burden that they just[] discussed, "more broadly the record appears to show that the Plaintiffs' counsel Bock Hatch deliberately underbid the movants in an effort to collect attorneys' fees while doing a fraction of the work that the movants' counsel did. If as it appears Bock Hatch was indeed motivated by a desire to grab attorneys' fees instead of a desire to secure the best settlement possible for the class, it violated its ethical duties to the class."

Skipping down for the citation, ["I]t is plain from the record that during the negotiations the interests of the named Plaintiffs and of Bock Hatch were aligned with those of Buccaneers and adverse to the movants' interest, the movants satisfied Rule 24 (a) (2).["] The Eleventh Circuit talks not just about the minimal burden, and it could have stopped at the minimal burden, but then it goes on gratuitously to talk more broadly about the conduct and how it's materially adverse.

The Court: **Based upon the information that was available to them for that issue.**

Mr. Soble: Yes.

4

| | |
|---|---|
| The Court: | That's the problem I have with considering that fact as a factual finding, if you will, with regard to material adversity in this case because clearly this record was not before the Eleventh Circuit in deciding the issue in the Technology Training case. |
| Mr. Soble: | Actually the Eleventh Circuit relied principally on the same email I quoted from before including the Machiavellian quote that Mr. Bock wrote in the email, so it was based on that same April 29th email string. |
| The Court: | But there's more before me. In other words, the records are not the same. I don't care how we try and twist it and how you argue, I cannot rely upon just that issue. Now, I'm not saying that that won't be something that the Court will look at, but I don't think it's determinative. It certainly is not of any precedential value because it's not the finding with regard to this case. <u>At most it's dicta in that opinion with regard to whether it's materially adverse</u>. |

M&C action, April 2, 2018 hearing, pp. 53-55 (emphasis added).

Judge Honeywell's observations in the above-quoted bench rulings in the M&C action apply with similar force in the case at bar. As Judge Honeywell noted with regard to the M&C action, the record before the Eleventh Circuit was different than the record that will be presented to this Court on the merits, and to the extent the Eleventh Circuit's decision could be construed to go beyond the narrow Rule 24 (a) intervention issue before the Court, "[a]t most, it's dicta[.]" Judge Honeywell's observations run contrary to the relief sought in Intervenors' pending motion (ECF 91), and support the relief sought in Plaintiffs' pending motion (ECF 97). Plaintiffs

request leave to file the transcript of the hearing in the M&C action as a supplemental submission on both pending motions.[1]

### III. Reply in Support of Plaintiffs' Motion

Plaintiffs also seek leave to file a brief reply in support of their motion. This reply would not exceed ten pages and would address the following arguments made in Intervenors' response to Plaintiffs' motion (ECF 98).

    a.    Intervenors argue that Plaintiffs' motion to stay should be deemed Plaintiffs' response to their motion. But Plaintiffs did not include any actual evidence in their motion to stay of the type that they would include in a substantive response to Intervenors' motion.  For example, Plaintiffs would include detailed information about the mediation and settlement negotiations in the *Technology Training* case, including the fact that Plaintiffs' counsel ultimately advised Defendant that Plaintiffs were dropping the case and leaving Defendant to negotiate with Wanca, which triggered BLP to drop all of their obstructive settlement terms.

    b.    Footnote 2 of Intervenors' response to Plaintiffs' motion suggests that Plaintiffs disagree with Defendants' argument that *Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*, 795 F.3d 1324 (11th Cir. 2015), does not apply where a prior decision on class certification in another case has not occurred.  That suggestion distorts what Plaintiffs stated in their motion to stay, and that distortion should be corrected.

    c.    At page 4 of their response to Plaintiffs' motion, Intervenors cite Winn-*Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 843 (11th Cir. 2018), to support their argument that "this [*i.e.*, the Eleventh Circuit's TTA decision] finding of fact cannot be undone." This citation warrants reply because that language in *Winn-Dixie* is distinguishable.

---

[1]     Intervenors cannot seriously dispute the relevance of Judge Honeywell's above-quoted bench rulings to the case at bar. M&C is both the plaintiff in the M&C action, and one of the Intervenors in the case at bar, and it made the same argument regarding the Eleventh Circuit's TTA decision to both this Court and to Judge Honeywell. Further, but for M&C's refusal to stipulate to magistrate judge jurisdiction in the M&C action, that case would be pending before this Court. Judge Honeywell's observations surely warrant this Court's consideration.

    d.    At page 5 of their response to Plaintiffs' motion, Intervenors assert that the Eleventh Circuit did not limit its findings and conclusions in the TTA decision to Rule 24 issues, but rather spoke more broadly. That notion contravenes well-established case law cited in Plaintiffs' motion, and Intervenors have neither distinguished that case law nor cited contrary case law. Further, that argument is contradicted by Judge Honeywell's earlier-referenced bench rulings in the related M&C action.

    e.    On that same page, Intervenors state, "The Eleventh Circuit expressly held that TTA plaintiffs 'do not adequately represent' Cin-Q plaintiffs' interests, not merely that they 'may be' inadequate." But that observation was made in the context of Rule 24, not Rule 23. This distinction warrants reply.

    f.    At page 6 of their response to Plaintiffs' motion, Intervenors state: "Plaintiffs merely argue that under the Eleventh Circuit's ruling in this case, the same inherent defect that makes TTA Plaintiffs inadequate to represent Cin-Q Plaintiffs (their 'greater incentive to settle' due to their admittedly time-barred class claims) also makes TTA Plaintiffs inadequate to represent the rest of the class (who, like Cin-Q Plaintiffs, are not subject to the statute of limitations in the timely Cin-Q Action)." But this argument by its express terms seeks to _extend_ the Eleventh Circuit's holding beyond what the Eleventh Circuit said, meaning it _cannot possibly_ be law of the case. This point warrants reply discussion.

    g.    On that same page, Intervenors say: "[T]his Court did 'decide the disputed issue [of Rule 23(a) (4) adequacy] on the merits,' concluding that TTA Plaintiffs would 'adequately represent the interests of the class,' and finding no 'interests on behalf of [TTA] Plaintiffs that are antagonistic to or in substantial conflict with those of the rest of the class." (Doc. 56, Preliminary Approval Order at 24-25). The Court could not have certified a settlement class without this finding because no class can be certified, settlement class or litigation class, if Rule 23 (a) (4) is not met. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (affirming decertification of settlement class on adequacy grounds)." This argument ignores the distinction between preliminary approval (which is uncontested and not fully on the merits) and final approval (which may be contested and is fully on the merits). Although the case that Intervenors cite, *Amchem*, involved appellate review of the district court's grant of preliminary approval of a settlement, the jurisdictional trigger for that review was the district court's injunction

7

       of other pending claims. *Amchem* does not support the proposition that a finding of adequacy of representation in a preliminary approval order is a finding "on the merits." This distinction warrants mentioning.

   h.   On page 9 of Intervenors response to Plaintiffs' motion, they include a parenthetical after a citation to the *Ewing Industries* case, *supra*, in which they note that Phillip Bock (owner of Bock, Hatch, Lewis & Oppenheim, LLC) argued that case before the Eleventh Circuit in order to suggest that Plaintiffs' counsel was necessarily aware of that decision. In fact, the only reason that case was before the Eleventh Circuit in that procedural posture was because Intervenors' counsel, Anderson + Wanca, displayed remarkable incompetence in filing that case on behalf of a named plaintiff corporation that did not exist when the faxes at issue were sent—meaning the plaintiff was not a recipient of the faxes at issue—leading to dismissal of the first-filed class action case, which later triggered the statute of limitations tolling issue on which the Eleventh Circuit ultimately ruled. This relevant-but-omitted procedural history warrants discussion as it reflects upon the relative and respective adequacy of the counsel for both Plaintiffs and Intervenors.

Plaintiffs respectfully submit that the Court may benefit from brief replies on the above-identified issues raised in Intervenors' response to Plaintiff's pending motion. Plaintiffs request leave to file a reply brief not to exceed ten pages.

## IV. Conclusion

     WHEREFORE, Plaintiffs pray this Honorable Court grant the instant motion, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representative of a class of similarly-situated persons

By: /s/ Daniel J. Cohen

Phillip A. Bock
Daniel J. Cohen
Jonathan B. Piper
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555

9

## CERTIFICATE OF E-FILING AND SERVICE

      I hereby certify that on April 17, 2018, I electronically filed the foregoing using the ECF System, which will send notification of such filing to all counsel of record.

                                                  /s/ Daniel J. Cohen